IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. CHAMBERS, II,<br>　　　Plaintiff,<br><br>　　vs.<br><br>JUDGE RITA HATHAWAY, et al.,<br>　　　Defendants. | C.A. No. 08-352<br><br>Magistrate Judge Baxter |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter.

　　On December 16, 2008, Plaintiff Robert E. Chambers, II, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Judge Rita Hathaway ("Judge Hathaway"); Officer Gary Schubert ("Schubert"); Officer Wagner ("Wagner"); and Sergeant LaPorte ("LaPorte").

　　In his complaint, Plaintiff claims that, on August 28, 2007, Defendant Judge Hathaway "violated [his] due process by putting a stay out of New Ken., Arnold, and Lower Burrell order on [his] sentencing paperwork.... " (Complaint at Section IV.C). Plaintiff claims further that, on July 3, 2006, Defendants Schubert, Wagner, and LaPorte violated his Fourth Amendment rights by allegedly conducting an illegal search and seizure, which led to the discovery of "two pieces of paper towel containing drugs that had four individually wrapped plastic baggies containing a controlled substance that didn't have [his] fingerprints or DNA on them." (Id.). As relief for his claims, Plaintiff seeks monetary relief and "immediate relief or re-sentencing based on evidence." (Complaint at Section VI).

　　On September 28, 2009, Defendant Judge Hathaway filed a motion to dismiss the complaint citing, *inter alia*, absolute judicial immunity. [Document # 32]. Defendant Schubert, Wagner, and LaPorte subsequently filed a motion for judgment on the pleadings arguing that Plaintiff's claims against them are barred by the applicable two-year statute of limitations. [Document # 36]. Despite being given ample time to do so, Plaintiff has failed to file a response

to either motion. Instead, Plaintiff has filed his own motion for summary judgment, which attempts to raise additional factual and legal issues regarding his conviction that have little relevance to the issue at hand. [Document # 38]. The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [Document ## 2, 25, 26]. This matter is now ripe for consideration.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage, but instead

2

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has "a plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n] - that the pleader is entitled to relief." This "plausibility" requirement will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

In addition, *pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d

3

Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**Discussion**
### 1. Defendant Judge Hathaway
#### a. Absolute Judicial Immunity

Defendant Judge Hathaway asserts that she is immune from Plaintiff's claim for monetary damages under the doctrine of absolute judicial immunity.  The Court agrees.  It is well-settled that judicial officers are immune from damage suits arising out of their official duties.  Stump v. Sparkman, 435 U.S. 349 (1978).  "Judicial immunity is an immunity from suit, not just from an ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...."  Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when:  (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11-12.  In this case, it is beyond question that Defendant Judge Hathaway was acting in her judicial capacity and within her jurisdiction when she issued the challenged sentencing order.  Thus, Plaintiff's claim for monetary damages against Defendant Judge Hathaway is barred by the doctrine of absolute judicial immunity and will be dismissed.

#### b. Injunctive Relief

To the extent Plaintiff seeks an order requiring "re-sentencing based on evidence," Defendant Judge Hathaway argues that Plaintiff is attempting to make a "thinly veiled collateral

4

attack on his conviction," which is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). However, the Defendant's reliance on Heck to bar Plaintiff's request for re-sentencing is misplaced, as Heck only bars actions for monetary damages. See, id. at 487 ("when a state prisoner **seeks damages** in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence")(emphasis added).

In the alternative, Defendant Judge Hathaway argues that, to the extent Plaintiff seeks *habeas corpus* relief, his claim fails for lack of exhaustion under Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). However, Plaintiff's request for re-sentencing is not in the nature of *habeas corpus* relief because he is not seeking immediate or speedier release from incarceration. See, id. at 488-490 (habeas corpus is exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Instead he is merely challenging the probationary portion of his sentence, in which he is ordered to stay out of New Kensington, Arnold and Lower Burrell upon his release. Thus, Preiser is inapplicable to the present case.

Notwithstanding the foregoing, because the federal court is a court of limited jurisdiction, the Court must determine whether it lacks jurisdiction to grant the relief requested under the Rooker-Feldman doctrine.[1] The Rooker-Feldman doctrine prohibits federal courts "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal quotations omitted).

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983). Although Defendant Judge Hathaway has failed to raise this issue, the Court is compelled to determine whether or not it has jurisdiction over the subject matter, as the federal courts are courts of limited jurisdiction.

A constitutional claim is "inextricably intertwined" with the particular state court decision if granting the plaintiff's requested relief would "effectively reverse [the] state court's decision or void its ruling." FOCUS, 75 F.3d at 840. The bar imposed by the Rooker-Feldman doctrine applies if, in order to grant the relief Plaintiff requests, the Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual." Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Here, Plaintiff claims that the probationary portion of Defendant Judge Hathaway's sentence, ordering him to stay out of New Kensington, Arnold and Lower Burrell, Pennsylvania, upon his release from incarceration, violates his constitutional rights. As relief, Plaintiff is essentially asking this Court to conduct a *de novo* review of the sentencing order to determine whether it is unconstitutional and, if so, to order a "re-sentencing based on evidence." (Complaint at Section VI). However, both the Pennsylvania Superior Court and the Pennsylvania Supreme Court have already upheld Defendant Judge Hathaway's sentence in the face of the same constitutional challenge presented here. Thus, granting the requested relief here would render ineffectual both Defendant's sentencing order and the subsequent state court decisions upholding the sentence. Plaintiff cannot seek review of Defendant's sentencing order in this Court under the guise of a civil rights claim when his state court requests seeking the same relief have already been denied. Such review is barred by the Rooker-Feldman doctrine.

### 2. **Defendants Schubert, Wagner, and LaPorte**

Plaintiff claims that Defendants Schubert, Wagner, and LaPorte each conducted an illegal search and seizure of his person on July 3, 2006, in violation of his Fourth Amendment rights. (Complaint at Section IV.C). These Defendants argue that Plaintiff's claim should be dismissed because, among other things, it is based on circumstances that are alleged to have occurred well beyond the applicable statute of limitations. The Court agrees.

The federal civil rights laws do not contain a specific statute of limitations for § 1983

actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

Here, the alleged misconduct of Defendants Schubert, Wagner and LaPorte occurred on July 3, 2006. As a result, Plaintiff was required to bring an action against these Defendants on or before July 3, 2008. Instead the Complaint in this matter was not received by the Court until December 16, 2008, well beyond the expiration of the two-year statute of limitations. As a result, Plaintiff's claims against Defendants Schubert, Wagner, and LaPorte are time-barred and will be dismissed.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Judge Rita Hathaway [Document # 32] is GRANTED, and the Motion for Judgment on the Pleadings filed by Defendants Schubert, Wagner, and LaPorte [Document # 36] is GRANTED.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 14, 2010